IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MIKE SAMADI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-157 |
| | ) | |
| HOUSING AUTHORITY OF THE CITY OF AUGUSTA, GEORGIA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court on Defendant's motion to stay discovery, pending resolution of its motion to substitute TCI Services Group, Inc. for Mike Samadi as the real party in interest (doc. no. 12) and Plaintiff's motion to remand to state court (doc. no. 8). For the reasons set forth below, the Court **GRANTS** the motion to stay. (Doc. no. 14.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988)). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Feldman, 176 F.R.D. at 652 (internal citation and quotation omitted).

The time to respond to Defendant's motion to add has expired, and Plaintiff has not contended he cannot properly oppose the motion in the absence of discovery. Because Defendant's motion seeks to substitute one Plaintiff for another, it has the potential to be case-dispositive, and the Court believes, based on its preliminary peek at the briefing, that there is a clear possibility of the motion being granted. Furthermore, grant of the motion may restrict the scope of discovery, and "courts in this circuit have granted such motions to stay where the resolution on the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly." United States v. Real Prop. Known as 1111 Wilma Ave., Savannah, Ga., No. CV409-052, 2009 WL 1834149, at *1 (S.D. Ga. June 25, 2009) (internal citations omitted). When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of Defendant's motion to add TCI Services Group, Inc. and dismiss Mike Samadi and Plaintiff's motion to remand to state court.

Thus, the Court **GRANTS** Defendants' motion, (doc. no. 14), and **STAYS** all discovery in this action pending resolution of Defendant's motion to add and Plaintiff's motion to remand by the presiding District Judge. If the motion to add and motion to remand are denied, the parties shall confer as required by Local Rule 26.1 within seven days of the Court's later ruling on the two motions, and within fourteen days of the ruling, they shall submit a joint

Rule 26(f) report.

SO ORDERED this 23rd day of January, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA